IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:13cr215-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| KAMRAN REZAPOUR, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

   **Approximately $297,314.00 in seized United States Currency;**

   **Approximately $14,632.87 in seized funds from Wells Fargo account *0819, such account held in the name of Nutrition for Health;**

   **Approximately $553,009.64 in seized funds from Wells Fargo account *8266, such account held in the name of Mojo Risen LLC;**

   **Approximately $200,917.87 in seized funds from Wells Fargo account *1564, such account held in the name of Nutrition for Health;**

   **Approximately $77,084.27 in seized funds from Wells Fargo account *8790, such account held in the name of Nutrition for Health;**

   **Approximately $88,965.67 in seized funds from Wells Fargo account *4011, such account held in the name of Nutrition for Health;**

   **Approximately $300,000.00 in seized funds from Braeger Auto Finance Group;**

Approximately $30,313.87 in seized funds from Scottrade account *0638, such account held in the name of Kamran Rezapour;

Approximately $964.67 in seized funds from Scottrade account *66-10 RR DFF, such account held in the name of Kamran Rezapour;

All funds, assets and property held by the Delaware Depository Service Company, 3601 North Market Street, Wilmington, DE 19802, account no. 67377, such account held in the name of Kamran Rezapour;

Three Vienna Philharmonic gold coins minted in 2009 and seized on or about April 17, 2013;

Two hundred silver American Eagle coins minted in 2011 and seized on or about April 17, 2013;

The real property located at 1910 E. Palm Avenue, Unit 10104, Tampa, Hillsborough County, FL 33605, Parcel No. 189549-0526;

An Apple iMac desktop computer bearing serial number W890526G250;

An Apple iMac desktop computer bearing serial number C02GVZ9YDHJFA; and

A forfeiture money judgment in the amount of $4,944,939.00 such amount constituting the proceeds of offenses set forth in the Bill of Information

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the Defendant's sentence, and the United States may take steps to collect the judgment from any property of the Defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

5. The parties have agreed that the United States will not pursue the $180,000 in funds identified by Defendant as held in "Tust-SouthPac Bank, Cook Islands."

6. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

8. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and/or substitute property and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
Assistant United States Attorney

KAMRAN REZAPOUR
Defendant

HUGO RODRIGUEZ, ESQ.
Attorney for Defendant

NOELL TIN, ESQ.
Attorney for Defendant

Signed this the 25th day of March, 2015.

UNITED STATES DISTRICT JUDGE