UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13CR215-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CONSENT ORDER FOR |
| ) | THIRD PARTY PETITION |
| KAMRAN REZAPOUR ) | |
| ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, ~~Acting~~ United States Attorney for the Western District of North Carolina and Petitioner The Quarter at Ybor Condominium Association, Inc. ("Petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 40) ("the Property"): **the real property at 1910 E. Palm Avenue, Unit 10104, Tampa, Hillsborough County, FL 33605, Parcel 189549-0526.**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided documentation to the Government and filed a Verified Petition (Doc. 59) confirming that Petitioner, which is owed condominium assessments and fees, has a secured interest in the Property by virtue of Florida Statute § 718.116(b) and a Declaration of Condominium. Petitioner has satisfied 21 U.S.C. § 853(n)(6).

Page 1 of 6

2. By entering into this Consent Order, Petitioner agrees, upon the sale of the Property in this federal forfeiture action, to release and forever discharge its interest in the Property and any and all claims against the Government for unpaid assessments, except that Petitioner shall maintain any interest under Petitioner's Declaration of Condominium and Florida statute against any subsequent purchaser of the Property. In exchange for release of the interest, the Government agrees, upon sale of the Property by the Government, to pay Petitioner a portion of the net proceeds of the sale of the Property equivalent to the documented unpaid assessments, interest, and administrative late fees due at the date of sale, as well as reasonable costs and attorney fees incurred by the association incident to collection and foreclosure of the unpaid assessments and other charges, all such amounts provided for in the Florida Condominium Act and in the Declaration of Condominium ("the Amounts Due Petitioner"). As of the date that the Petitioner filed its Verified Petition, the Amounts Due Petitioner were estimated at a total of $12,230.12, broken-down as follows, but such Amounts Due Petitioner will increase with the passage of time and fees related to foreclosure:

- $9,107.77 in unpaid assessments;
- $1,514.81 in interest;
- $550 in late fees;
- $430 in collection attorney fees;
- $627.54 in collection-related fees.

For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property. In no event shall Petitioner be entitled to payment in excess of

the Amounts Due Petitioner and in no event shall Petitioner be entitled to payment in excess of the net proceeds.

3. The Government further agrees that, until the Government has obtained a contract for sale of the Property, Petitioner may attempt to foreclose its claim of lien against the Property and sell it in a state court foreclosure proceeding in Hillsborough County, Florida. The Government agrees to accept service if the Petitioner commences an action to foreclose its claim of lien. The parties agree that, in no event shall the Property be sold pursuant to a Final Judgment of Foreclosure for a sale price that nets the Government less than $35,000.00 and that Petitioner shall guarantee a sale price at a foreclosure sale that nets the Government a minimum amount of $35,000.00. The Petitioner waives any claim that it has to any surplus foreclosure sale proceeds beyond those amounts that it is entitled to recover from the foreclosure sale pursuant to any Final Judgment of Foreclosure and stipulates to the entry of an order disbursing any and all surplus proceeds to the Government. In the event that Petitioner is able to effectuate and close on a sale of the Property that nets the Government a minimum amount of $35,000.00 or more before the Government is able to obtain a contract for sale in this federal forfeiture proceeding, the Government agrees to move for dismissal of the Property from this forfeiture action, the Government agrees that Petitioner may retain the Amounts Due Petitioner from the sale price, and Petitioner agrees to turn over to the Government and that the Government may thereafter move for forfeiture of any and all amounts remaining after payment of the Amounts Due Petitioner. Such amounts remaining after

payment of the Amounts Due Petitioner shall be subject to forfeiture as a substitute res for the Property.

4. The payment to Petitioner, either as the result of liquidation in this federal forfeiture action or liquidation in a state foreclosure proceeding, shall be in full settlement and satisfaction of all claims by Petitioner to the Property in this action and all claims against the United States resulting from the incidents or circumstances giving rise to this action.

5. Petitioner agrees to waive any and all claims against the United States and any rights that it may have on the Property, including but not limited to the right to initiate foreclosure, except as otherwise specified herein. Petitioner agrees to consent to any Government motion for final order of forfeiture of the Property, although the Government agrees that it will request dismissal of the Property from a final order if Petitioner is able to effectuate a sale in foreclosure as described herein. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

6. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between

Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

7. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), Petitioner is hereby ordered to, upon closing of sale of the Property by the Government or by public auction pursuant to a Final Judgment of Foreclosure, wherein the Association guarantees the Government a net minimum recovery from the foreclosure sale of $35,000.00, release, waive and forever discharge its interest in the Property as identified in the Petition, except to the extent that Petitioner is not required to release the Declaration of Condominium against any purchasers that post-date the Government, and the Government is hereby ordered to, upon sale of the Property, disburse funds to Petitioner in the amount of the Amounts Due Petitioner as of the date of the sale by the Government. In no event shall the Government be obliged to pay Petitioner an amount in excess of the net proceeds of liquidation of the Property.

2. The Government and Petitioner shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this 13th day of October, 2015.

FRANK D. WHITNEY
CHIEF UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
~~ACTING~~ UNITED STATES ATTORNEY

_____ Dated: 10/6/15
Benjamin Bain-Creed
Assistant United States Attorney


_____ Dated: 10/6/2015
Theodore C Prophet Jr (Name)
Sec of HOA (Title), authorized signatory for The Quarter at Ybor
Condominium Association, Inc.


_____ Dated: 10/6/15
Shawn G. Brown, Esq.
Redding & Brown, P.A.
Attorney for Petitioner, The Quarter at Ybor Condominium Association, Inc.