IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13cr215-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | FINAL ORDER |
| v. | ) | AND JUDGMENT CONFIRMING |
| | ) | FORFEITURE |
| KAMRAN REZAPOUR | ) | |

THIS MATTER is before the Court on the United States' Amended Motion (Doc. 67), pursuant to Fed. R. Crim. P. 32.2(c)(2), for a Final Order and Judgment confirming forfeiture of the funds, electronic equipment, funds as a substitute *res* for real property, and other assets ("the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. 40), subject to the Consent Order and Third Party Petition (Doc. 61; "Consent Order") in this case. For the reasons set forth in the Amended Motion, the Amended Motion is hereby GRANTED.

In support of granting the Amended Motion and based on the record in this case, the Court FINDS AS FOLLOWS:

1. On March 26, 2015 this Court entered the Consent Order for the Property based upon the Defendant's plea of guilty to charges related to a wire fraud scheme.

2. At sentencing of this matter, the Court orally pronounced forfeiture in accord with the Consent Order. Further, at that sentencing, the Government advised the Court that Defendant had transferred the forfeited real property at 1910 E. Palm Avenue, Unit 10104, Tampa, Hillsborough County, FL 33605, Parcel No. 189549-0526 ("the Tampa Condo") to defense counsel Hugo Rodriguez. Mr. Rodriguez thereafter orally agreed on the record that he and his

firm did not claim any interest in the Tampa Condo. Following sentencing, the Court entered a Judgment in a Criminal Case (Doc. 43) ordering forfeiture in accord with the Consent Order. Therefore, all right, title, and interests of Hugo Rodriguez, the Law Firm of Hugo Rodriguez, and Defendant in the properties identified herein have been extinguished.

3. On May 8, 2015 through June 6, 2015 the United States published, via www.forfeiture.gov, notice of this forfeiture and of the intent of the Government to dispose of the Property according to law, and further notice to all third parties of their right to petition the Court within sixty days from May 8, 2015, for a hearing to adjudicate the validity of any alleged legal interest in the Property (Doc. 55).

4. On May 11, 2015, the United States also sent direct notice of the Consent Order and Judgment of Forfeiture, via the United States Postal Service Certified Mail, Return Receipt Requested, to McAlvany ICA. Said notice was in fact delivered on May 14, 2015. In addition, on June 19, 2015, the United States sent direct notice of the Consent Order and Judgment of Forfeiture, via the United States Postal Service Certified Mail, Return Receipt Requested, to The Quarter at Ybor Condominium Association c/o Shawn Brown, Esq. Said Notice was in fact delivered on June 23, 2015.

5. Following notice, The Quarter at Ybor Condominium Association, Inc. ("Petitioner") filed a petition (Doc. 59) in this action claiming an interest in the Tampa, Florida condominium identified for forfeiture in this case. The Government subsequently entered into and this Court issued a Consent Order for Third Party Petition (Doc. 61) with the Petitioner in regard to the Tampa condo. Thereafter, Petitioner initiated and concluded a foreclosure sale on the Tampa Condo in Hillsborough County, Florida. Petitioner has advised the Government that,

after payments to Petitioner of the Amounts Due Petitioner per the Consent Order for Third Party Petition (Doc. 61 at Page 3, ¶3), as well as assessment of any costs and fees that the Hillsborough County Clerk of Court or other authorized court entity is authorized to collect pursuant to law, the foreclosure action is likely to yield approximately $70,000 which is forfeitable to the United States as a substitute *res* for the condo.

6. In light of the foregoing, sufficient notice has been provided and no other petitions have been filed.

7. Consequently, in accordance with Rule 32.2(c)(2), the Court may now confirm the Consent Order as the Final Order and Judgment of Forfeiture to give the government clear title to the forfeited assets, subject to any rights set forth in the Consent Order for Third Party Petition.

IT IS, THEREFORE ORDERED, that all right, title, and interest in the following property, whether real, personal, or mixed, is finally forfeited to United States for disposition according to law and the United States may pass clear title to the Property:

**Approximately $297,314.00 in seized United States Currency;**

**Approximately $14,632.87 in seized funds from Wells Fargo account *0819, such account held in the name of Nutrition for Health;**

**Approximately $553,009.64 in seized funds from Wells Fargo account *8266, such account held in the name of Mojo Risen LLC;**

**Approximately $200,917.87 in seized funds from Wells Fargo account *1564, such account held in the name of Nutrition for Health;**

**Approximately $77,084.27 in seized funds from Wells Fargo account *8790, such account held in the name of Nutrition for Health;**

**Approximately $88,965.67 in seized funds from Wells Fargo account *4011, such account held in the name of Nutrition for Health;**

**Approximately $300,000.00 in seized funds from Braeger Auto Finance Group;**

**Approximately $30,313.87 in seized funds from Scottrade account *0638, such account held in the name of Kamran Rezapour;**

**Approximately $964.67 in seized funds from Scottrade account *66-10 RR DFF, such account held in the name of Kamran Rezapour;**

**All funds, assets and property held by the Delaware Depository Service Company, 3601 North Market Street, Wilmington, DE 19802, account no. 67377, such account held in the name of Kamran Rezapour;**

**Three Vienna Philharmonic gold coins minted in 2009 and seized on or about April 17, 2013;**

**Two hundred silver American Eagle coins minted in 2011 and seized on or about April 17, 2013;**

**All funds—after (1) deduction of Amounts Due Petitioner as defined in the Consent Order for Third Party Petition and (2) deduction of any amounts due and payable, as a result of the foreclosure action and pursuant to law, to the Hillsborough County Clerk of Court, Registry of Court, or other Hillsborough County governmental entity—currently held in the Registry of the Court in Hillsborough County as a result of the sale of the real property located at 1910 E. Palm Avenue, Unit 10104, Tampa, Hillsborough County, FL 33605, Parcel No. 189549-0526, as a substitute *res* for such real property;**

**An Apple iMac desktop computer bearing serial number W890526G250; and**

**An Apple iMac desktop computer bearing serial number C02GVZ9YDHJFA.**

SO ORDERED.

Signed: May 12, 2016

Frank D. Whitney
Chief United States District Judge